Henry Tally v. The State.

No. 3021.   Decided June 23, 1905.

1.—Burglary—Argument of Counsel—Charge of Court.

Where on a trial for burglary the State's counsel in his remarks commented on certain excluded testimony which injuriously affected the rights of defendant over the objections of defendant's counsel, the court erred in not instructing the jury to disregard such argument, and in permitting same.

2.—Same—Charge of Court—Drunkenness—Weight of Evidence.

Drunkenness is not one of those crimes recognized as involving moral or legal turpitude, and a charge limiting testimony that defendant had been drunk at a theater to a question of impeaching the credibility of defendant as a witness, was one on the weight of the evidence.

Appeal from the District Court of Fannin.   Tried below before Hon. Ben H. Denton.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The following statement of the case in the brief of the Assistant Attorney-General is substantially correct: The State's case in substance is, that the police of the city in which the burglarized house was situated, became suspicious of appellant and one Will Haney. About midnight of the alleged burglary, the police saw appellant and Haney come to the store of the prosecutor; that either appellant or Haney broke open the door. The testimony would warrant the conclusion that Haney broke open the door and entered the house; that appellant stood close to the door on watch. The officers attempted immediately to arrest appellant, but he evaded them by running, and that night he left the country, fled from the county, and was arrested in Hillsboro, some time afterwards, where he was going under an assumed name. Haney was arrested in the store. The State submits that these facts were sufficient to warrant the jury in finding a verdict of guilty. Appellant's defense was that he was an honest man, and established this fact by several of his neighbors. He admits that he was with Haney when he broke open the door to the store, but he did not know what his purpose was; that Haney was very drunk on that night, and he supposed he was just staggering around the door, and emphatically denied in his testimony that he entered into any agreement with Haney to burglarize the store of prosecutor. The State in rebuttal showed that Haney was not drunk on that night.

*H. E. Taylor, J. H. Lee* and *James H. Lyday,* for appellant.—On question of argument of counsel: Art. 705, White's Crim. Code Proc., sec. 772 and 773; Robbins v. State, 83 S. W. Rep., 690; Rutherford v. State, 67 id., 100; Nalley v. State, 28 Texas Crim. App., 387; Clark v. State, 23 id., 260; Greene v. State, 17 id., 395; Laubauch v. State, 12 id., 583.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary. The State asked the witness McKee the following question: "Had you received instructions that there was a plan on foot to burglarize that house." Objections were urged and sustained and the question was not answered. The district attorney in his opening remarks to the jury, stated, in substance, while commenting upon the excluded question and proposed evidence of McKee, "If defendant's counsel had not objected and if the court had not excluded the proffered testimony of said McKee, he could have shown by said witness why the officers were watching said house, and defendant and Haney on said night; and that this evidence, to which counsel for the defendant objected, and which the court excluded, would have fully warranted all honest men to convict of the crime charged." That the district attorney in his closing argument to the jury made an inflammatory appeal to the jury to convict on the excluded evidence, and among many other illegal and unwarranted statements, stated in his closing argument to the jury, that defendant's attorney had objected to said testimony, and had same excluded by the court, because they were afraid, and because it would have shown a plot to burglarize said house before they reached it, and would exclude the pretense that defendant was taking said Haney home, because he (Haney) was drunk; and the further contention that he was gagging at the door, and defendant thought he was vomiting, and that the officers knew it beforehand, and were watching defendant and Haney, and if the said evidence had not been excluded, it would have shown a prior conspiracy to rob the house by defendant and Haney, and that no honest jury could afford to acquit defendant." Exception was reserved to these statements and the court refused to stop the district attorney and instruct the jury to disregard the remarks on the excluded evidence. Whereupon appellant appealed to the district attorney, and asked him if he wanted to convict defendant on excluded and illegal evidence, and he refused to stop and continued his remarks on said excluded evidence. The court explains this bill, as follows: "The district attorney in his opening argument did argue to the jury that the house was being watched as was testified to by one of the witnesses, J. W. McKee, but did not in his opening argument refer to the question asked, as shown by bill No. 2. The counsel for the defendant in their arguments repeatedly called upon the district attorney to show why these men were watching the house, and asked him if he wanted to convict the defendant by withholding testimony, and if he wanted to convict defendant, why did he keep back testimony, etc., and insinuated that he had testimony that he would not produce and asked the district attorney if he wanted to convict the defendant on illegal testimony, referring to testimony in bill No. 2. And the argument of the district attorney in his closing speech was simply brought out in answer to the

argument of defendant's counsel. The counsel for the defendant did not request a charge instructing the jury to disregard the remarks of the district attorney." This is the bill as qualified. The matter referred to as contained in bill of exceptions number 2 is the question asked by the district attorney above set out, to wit: "Had you received instructions that there was a plan on foot to burglarize that house." We have held in many cases, where illegitimate argument has been indulged, unless of a serious character, will not call for a reversal, and in quite a number of cases, that it is encumbent on the accused to ask instructions to the jury to disregard such illegitimate argument. This practice of requiring the accused to ask for special instructions has been a gradual growth under the decisions of this court, since Kennedy's case, 19 Texas Crim. App., 618. The writer is not clear in his mind that this line of decisions is correct. It is the duty of the court, under our statute to give all the law applicable to the case, and if illegitimate argument is indulged, and the jury are misled, or likely to be misled against the law and the facts, the court should guard against this error as well as any other error in which charges are necessary. Be this as it may there is no question as to the condition of this matter under this bill of exceptions. The State had undertaken to introduce testimony which the court ruled out as inadmissible and illegal. Upon the argument of the case, counsel for the State went over this matter and informed the jury that but for the interposition of appellant's exception he could have proven a previous conspiracy to burglarize the house. So far as the bill of exceptions is concerned, it seems that the only attempt to prove any conspiracy or previous knowledge of a conspiracy on the part of the officers, was that shown in bill No. 2. The court held that said testimony was illegitimate, and in our judgment that ruling was correct. The evidence was ruled out, and yet the district attorney forcibly stated before the jury what this would have been if he had been permitted to prove it, and that it would have shown a conspiracy. It would hardly be questioned that this was very damaging, because it was supplying illegitimate testimony, and evidence that the court had ruled could not go to the jury. Yet in the argument of the prosecution this was made to play the part of testimony against the accused. This was not justifiable under any circumstances. However, the court says that this was in answer to argument of counsel for appellant. We do not agree with this statement. It is true that counsel for appellant asked why the conspiracy, if such existed, was not proved. This he had the right to do. If there was anything indicating a conspiracy he had the right to ask the State why it did not introduce such testimony. In other words, accused had the right to ask, if there was testimony that could have been before the jury, why it was not placed there. This of course means legitimate testimony; it does not mean illegitimate testimony, or such evidence as was not permitted to go before the jury, even as a circumstance for the jury to consider in

arriving at a conclusion of guilt. We think the court erred in permitting this line of argument; and further erred in not instructing the jury to disregard it. Conviction ought not to be obtained in this way. In fact, convictions should always be predicated alone upon testimony introduced before the jury, and not upon that excluded.

The State, without objection, introduced evidence to the effect that appellant had been drunk at the theater, and had been put out of the house. The court limited this evidence to the question of impeachment of appellant as a witness. Exception was reserved to this portion of the charge, which we think was well taken. If it be conceded that appellant was drunk in the theater, this is not such an offense as would justify its introduction to attack the credibility of the defendant, or the weight of his testimony. Nor do we think that it is likely that it was introduced for that purpose. In fact, the indications are rather that it was introduced for another purpose. It might reflect somewhat upon his general standing, but could not affect his credibility as a witness. Drunkenness is not one of those crimes recognized as involving moral or legal turpitude. The fact of his being drunk at the theater was culled out and charged upon. This was a charge upon the weight of the testimony, and that fact relegated to a position before the jury on the testimony, which the law does not recognize. Appellant's testimony had not been attacked, nor his credibility assailed, and yet the court informs the jury that this testimony may or does weaken his testimony before them, and affects his credibility as a witness. The evidence was injurious, and not only so, but the charge is directly violative of the statute, which prohibits the court from charging upon the weight of the testimony.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

HENDERSON, JUDGE.—I agree to a reversal of this case on the last proposition.

BROOKS, JUDGE (dissenting).—I do not agree to the reversal and believe the judgment should be affirmed. My reasons are as follows: In the motion for new trial appellant criticises the sixteenth paragraph of the charge, which reads: "The statement of the witness Andy P. Evans introduced by the State, wherein he stated in substance, that he saw Henry Tally at the theater sometime before the burglary, drunk, and that he put him out of the theater because he was drunk, was not admitted before you as original testimony, but only for the purpose of aiding you in determining the weight and credibility of the testimony of the said witness Henry Tally, and you will consider it for no other purpose whatever." The testimony upon which this charge was predicated was admitted without any objection being offered. If objection had been offered, it would have been error for the court to permit the same to be introduced for the purpose of impeach-

ment, since it would be an effort to impeach upon an immaterial issue. Under the authorities of this court we have never held that drunkenness brought about that degree of moral turpitude which authorized its introduction in evidence to discredit a witness. However, the testimony having been introduced, without objection, for the court to limit it to one purpose, whereas the jury might have considered the same for other purposes without said limitation in said charge, I cannot see how appellant can complain thereof. Without said charge it could have been considered for all purposes, but under said charge it could be considered only for the one purpose. To this extent this charge is not injurious to appellant. In other words, appellant would have been injured more if the charge had not been given than by its being given. It is a well known rule, under article 723, that a charge which does not injure defendant will not authorize a reversal.